```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                  FORT MYERS DIVISION
```

S. Y.,

       Plaintiff,

v.                                  Case No: 2:20-cv-611-JES-MRM

SUNSTREAM HOTELS & RESORTS,
LLC and PARK SHORE RESORT
CONDOMINIUM ASSOCATION,
INC.,

       Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on defendant, Sunstream Hotels & Resorts, LLC's Motion to Dismiss, to Strike, or for a More Definite Statement (Doc. #13) filed on September 23, 2020, and defendant, Park Shore Resort Condominium Association, Inc.'s Motion to Dismiss, Motion to Strike, or for a More Definite Statement (Doc. #14) filed on September 28, 2020. Plaintiff filed untitled responses in opposition to both motions. (Docs. ## 27, 35.)

**I.**

The origins of this case began on October 30, 2019, when plaintiff and another alleged victim of sex trafficking filed a case in the Circuit Court of the Twentieth Judicial Circuit in and for Collier County, Florida. See S.Y. et al v. Naples Hotel Co. et al, Case No. 2:20-cv-118 (Doc. #1, p. 3). On December 31,

2019, the plaintiffs filed a First Amended Complaint which asserted ten claims against over forty defendants. Id. at (Doc. #1, pp. 2-4). The case was removed to federal court in February 2020. Id. at (Doc. #1). On April 15, 2020, the plaintiffs filed a Second Amended Complaint. Id. at (Doc. #85). On August 5, 2020, the undersigned denied various motions to dismiss, but determined severance of the parties was appropriate. S.Y. v. Naples Hotel Co., 476 F. Supp. 3d 1251, 1258-59 (M.D. Fla. 2020). Following the Court's severance order, plaintiff and the other alleged victim filed nearly thirty new actions against various defendants, including this case.

The Complaint (Doc. #1) in this case was filed on August 19, 2020, and alleges that plaintiff S.Y., a resident of Collier County, Florida, was a victim of continuous sex trafficking at Park Shore Resorts, owned, operated, supervised, and controlled by the Park Shore Resorts Defendants, consisting of Sunstream Hotels & Resorts, LLC and Park Shore Resort Condominium Association, in Naples, Florida in 2014. (Id. ¶¶ 2, 22-24.)

The Complaint alleges the following six claims: (1) violation of the Trafficking Victims Protection Reauthorization Act of 2008 (TVPRA), 18 U.S.C. § 1595; (2) violation of the Florida RICO statute, § 772.104, Florida Statutes; (3) premise liability; (4) negligent hiring, supervision, and retention; (5) negligent

rescue; and (6) aiding and abetting, harboring, confining, coercion, and criminal enterprise. (Id. pp. 30-46.)

## II.

Defendants filed separate motions raising numerous arguments as to why the Complaint as a whole, and each individual claim, should be dismissed. The Court will address each of the motions and these arguments in turn. As a preliminary matter, plaintiff agrees to withdraw her Florida state causes of action, leaving only Count I, the federal trafficking count under the Trafficking Victims Protection Reauthorization Act of 2008. (Docs. #27, p. 1.)

### Sunstream Hotels & Resorts Motion

#### A. Motion to Dismiss State Law Claims & Motion to Strike

This portion of the motion will be denied as moot in light of plaintiff's voluntary dismissal of the state law claims. Defendant Sunstream also seeks to strike the Complaint (Doc. #1-3) as a shotgun pleading. As Counts II through VI have been dismissed, this portion of the motion will also be denied as moot.

#### B. Motion for More Definite Statement

Lastly, defendant seeks a more definite statement as to the specific dates of injury, and when plaintiff specifically visited the vacation rentals. (Doc. #13, p. 20.) Rule 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so

vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e); see also Ramirez v. F.B.I., 8:10-cv-1819-T-23TBM, 2010 WL 5162024, *2 (M.D. Fla. Dec. 14, 2010) ("A Rule 12(e) motion is appropriate if the pleading is so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith, without prejudice to [itself]." (marks and citation omitted)).

The Court finds the Complaint is not "so vague or ambiguous" that defendant cannot reasonably prepare a response, and therefore denies the request for a more definite statement under Rule 12(e). See Ramirez, 2010 WL 5162024, *2 ("The [Rule 12(e)] motion is intended to provide a remedy for an unintelligible pleading, rather than a vehicle for obtaining greater detail." (citation omitted)); Eye Care Int'l, Inc. v. Underhill, 92 F. Supp. 2d 1310, 1316 (M.D. Fla. 2000) (noting that "motions for a more definite statement are not favored in light of the liberal discovery practice," and that "a motion for more definite statement is not to be used as a substitute for discovery"); cf. LeBlanc v. LVNV Funding, LLC, 2019 WL 2492124, *1 (M.D. Fla. June 14, 2019) (granting motion for more definite statement, finding "the Complaint contains no facts" and was "not sufficiently specific to place defendant on notice of the claims against it"). This motion for a more definite statement will be denied.

**Park Shore Resort Condominium Association Motion**

**C. Redundant, Irrelevant and Scandalous Allegations**

Defendant Park Shore Resort Condominium argues that the Complaint contains numerous allegations that are redundant, irrelevant, and scandalous, and therefore should be stricken. (Doc. #14, pp. 4-7.)  Pursuant to Rule 12(f), a party may move to strike "any redundant, immaterial, impertinent, or scandalous matter" within the pleadings.  The Court enjoys broad discretion in determining whether to grant or deny a motion to strike.  Anchor Hocking Corp. v. Jacksonville Elec. Auth., 419 F. Supp. 992, 1000 (M.D. Fla. 1976).  "The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters."  Hutchings v. Fed. Ins. Co., 6:08-cv-305-ORL-19KRS, 2008 WL 4186994, *2 (M.D. Fla. Sept. 8, 2008) (marks and citation omitted).  It is not intended to "procure the dismissal of all or part of a complaint."  Id.  A motion to strike is a drastic remedy and is disfavored by the courts. Schmidt v. Life Ins. Co. of N. Am., 289 F.R.D. 357, 358 (M.D. Fla. 2012).  Therefore, a motion to strike should be granted only if "the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party."  Id.

Defendant moves to strike ten paragraphs in the Complaint, arguing the allegations therein contain (1) irrelevant "puffing"

about sex trafficking and its alleged relationship with the hotel industry, and (2) immaterial and scandalous matters regarding defendant's knowledge of the tactics of sex traffickers. (Doc. #14, pp. 6-7.) Having reviewed the allegations at issue (Doc. #1, ¶¶ 3-5, 40-42, 63-65, 131), the Court declines to strike them. The majority[1] of the allegations relate to defendant's knowledge of sex trafficking, the failure to prevent it, and the motivation for doing so. Such allegations are relevant to the type of claims plaintiff asserts, S.Y., 476 F. Supp. 3d at 1259 n.5, and the Court does not find any to be overly redundant or unduly prejudicial. Accordingly, the request to strike the allegations is denied.

**D. Impermissible Group Pleadings**

Defendant further argues that the claims are impermissibly lumped together with defendants being collectively referred to as Park Shore Resorts Defendant. (Doc. #14, p. 7.) In response, plaintiff argues that "Defendant Park Shore, along with its co-Defendant Sunstream, are alleged to have been responsible for one particular hotel – the Park Shore Resorts – in 2014." (Doc. #35, p. 6.) The Complaint alleges as follows:

---

[1] In the third paragraph, the Complaint explains why human sex trafficking is prevalent at hotels throughout the United States and globally. (Doc. #1, ¶ 3.) While such an allegation may be irrelevant, see S.Y., 476 F. Supp. 3d at 1259 ("[T]he Court agrees that those [allegations] regarding sex trafficking in general and its relationship with the hospitality industry should be stricken as irrelevant."), the Court cannot say that this single allegation causes sufficient prejudice to justify the "drastic" and "disfavored" remedy being sought. Schmidt, 289 F.R.D. at 358.

> 27. At all times material to this complaint, Defendant Sunstream Hotels & Resorts, LLC and Defendant Park Shore Resort Condominium Association, Inc were doing business as Parkshore Resort and, upon information and belief, were authorized to do, licensed to do, and doing business in the State of Florida offering Parkshore Resort as a place of public lodging.
>
> 28. At all times material to this complaint, Defendant Sunstream Hotels & Resorts, LLC and Defendant Park Shore Resort Condominium Association, Inc were, by and through their agents, servants, franchisees and/or employees, were the owners, operators, managers, supervisors, controllers and innkeepers of a hotel, namely Parkshore Resort located at 600 Neapolitan Way in Naples, Florida 34103.

(Doc. #1-3.) As noted by plaintiff, "[t]he complaint can be fairly read to aver that all defendants are responsible for the alleged conduct." Kyle K. v. Chapman, 208 F.3d 940, 944 (11th Cir. 2000). The allegations pertain to one resort, in one location, which provides ample notice to defendants of the allegations against them. The motion will be denied.

### E. Motion to Dismiss State Claims

As is the case for Sunstream Hotels, plaintiff agrees to withdraw her Florida state causes of action, leaving only Count I, the federal trafficking count under the Trafficking Victims Protection Reauthorization Act of 2008. (Docs. #35, p. 1.) Therefore, this portion of the motion will be denied as moot.

### F. Motion for a More Definite Statement

Lastly, defendant seeks a more definite statement for the reasons articulated by Sunstream Hotels & Resorts above, i.e., that the dates of injury and when the premises was visited should be specifically pled. The motion will be denied for the same reasons. Supra, pp. 4-5.

Accordingly, it is hereby

**ORDERED**:

1. Defendant, Sunstream Hotels & Resorts, LLC's Motion to Dismiss, to Strike, or for a More Definite Statement (Doc. #13) is **DENIED** as moot as to the motion to dismiss state law claims and motion to strike, and otherwise **DENIED.**

2. Defendant, Park Shore Resort Condominium Association, Inc.'s Motion to Dismiss, Motion to Strike, or for a More Definite Statement (Doc. #14) is **DENIED** as moot as to the motion to dismiss state law claims, and otherwise **DENIED.**

3. Plaintiff shall file an Amended Complaint within **SEVEN (7) DAYS** of this Opinion and Order to reflect the voluntary dismissal of all state claims.

**DONE and ORDERED** at Fort Myers, Florida, this   8th   day of March, 2021.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record